UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ONTARIO SAMUELS** | **CIVIL ACTION NO: 15-1033-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **BOBBY JINDAL** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Ontario Samuels ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 30, 2015. Plaintiff is incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He names Bobby Jindal as defendant.

On February 4, 2014, Plaintiff pleaded guilty to one count of failure to register as a sex offender in Louisiana's First Judicial District Court, Parish of Caddo. He was sentenced to three years imprisonment at hard labor. See Samuels v. Warden, 5:14-cv-1812. Plaintiff claims Bobby Jindal is partaking in a conspiracy to violate his constitutional rights. Plaintiff claims he has never been charged with a sex crime. He claims he is being confused with another individual. Plaintiff claims Bobby Jindal is making him register as a sex offender even though he has never been convicted of a sex crime. He claims he was unlawfully convicted.

Accordingly, Plaintiff seeks to have the court terminate his parole, correct his social security number, and punitive damages.

## LAW AND ANALYSIS

Plaintiff claims his conviction and sentence are illegal. Plaintiff is seeking monetary damages and declaratory and injunctive relief for allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and declaratory and injunctive relief for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive and declaratory relief for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of August, 2015.

Mark L. Hornsby
U.S. Magistrate Judge